U.S. BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **In re:** | In Chapter 7 proceedings |
| | Case No.: 2:09-bk-33881-CGC |
| **KATHRYN ANN ALEKSON,** | |
| **Debtor.** | |
| **S. WILLIAM MANERA, CHAPTER 7 TRUSTEE,** | |
| | Adv. No.: 2:11-ap-01538-CGC |
| **Plaintiff.** | |
| v. | ORDER GRANTING DEFENDANT DANA BUTCHER'S MOTION FOR SUMMARY JUDGMENT AND DENYING TRUSTEE MANERA'S CROSS-MOTION FOR SUMMARY JUDGMENT |
| **DANA BUTCHER,** | |
| **Defendant.** | |

### I. Introduction

The matter before the Court stems from a personal loan that Movant, Dana Butcher ("Butcher"), provided to Debtor, Kathryn Alekson ("Alekson"), as a means to help Alekson through some financial difficulties, which Alekson repaid in full prior to filing bankruptcy just outside the 90 day preference period. The Chapter 7 Trustee (the "Trustee") filed a complaint seeking to avoid the payment as a preference to an insider and to return the funds for the benefit of the estate. Both the Trustee and Butcher seek summary judgment on the Trustee's preferential transfer claim, Butcher arguing that she is not an insider and the Trustee arguing that she is. Because both parties agree that the other elements of a preferential transfer are satisfied and that there are no material facts in genuine dispute, the only issue pertinent to this summary judgment proceeding is whether Butcher qualifies as an insider as a matter of law.

### II. Background

Alekson and Butcher have been friends since 1998 and were co-workers until May 2005.  Butcher made a number of personal loans (the "Loans") to Alekson in 2006 and 2007 totaling $15,000 in an effort to help Alekson with her financial difficulties.  Alekson planned to pay off the Loans, as well as her other financial obligations, through the proceeds she was expecting from the sale of her home.  Unfortunately for Alekson, her house remained unsold in a stagnant market until she could no longer afford to wait for a sale; she ultimately gave up title to her home in a "cash for keys" deal, receiving $20,000 to simply "walk away" from the property.  Alekson repaid Butcher in full on September 30, 2009 and filed for bankruptcy on December 31, 2009.

The Trustee commenced this adversary proceeding on November 11, 2011.  In his complaint, the Trustee asserted that Butcher is an insider pursuant to section 101(31) and for the purposes of section 547.  See 11 U.S.C. §§ 101(31), 547 (2006).  The Trustee argued that because of Butcher's insider status, the amount she was repaid on her antecedent debt was a preferential transfer that occurred within the one year avoidance period and was thus subject to avoidance under section 547(b).  See 11 U.S.C. § 547(b) (2006).

Butcher filed a motion for summary judgment (the "Motion"), arguing that the Trustee has not presented any evidence to show that her friendship with Alekson qualifies her as an insider.  Butcher's Motion asserts that the undisputed fact is that she was simply friends with Alekson and because this undisputed fact does not meet the legal standard of a non-statutory insider, she is entitled to judgment as a matter of law.  The Trustee responded by attacking Butcher's Motion on procedural grounds, and cross-moving for summary judgment, arguing that the undisputed facts meet the legal standard for non-statutory insiders and that he is therefore entitled to judgment as a matter of law.

**III.     Analysis**

     **a.  <u>Summary Judgment Standard</u>**

Rule 56 of the Federal Rules of Civil Procedure, as applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7056, governs summary judgment motions.  See Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056.  Rule 56 provides that summary judgment must be granted if the movant shows that there is no genuine issue of

material fact, and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 312, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant has the initial burden of demonstrating that there are no genuine issues of material fact. If the non-moving party bears the ultimate burden of proof on an element at trial, that party must make a showing sufficient to establish the existence of that element in order to survive a motion for summary judgment. See Celotex, 477 U.S. at 322-23.

Procedurally, a party asserting or disputing the non-existence of a genuine issue of material fact must support its assertion by affidavits which are based on personal knowledge and the facts set forth therein must be admissible in evidence. See Fed. R. Civ. P. 56(c); Grzybowski v. Aquaslide 'N' Dive Corp. (In re Aquaslide 'N' Dive Corp.), 85 B.R. 545, 547 (B.A.P. 9th Cir. 1987). Furthermore, Local Rule 9013-1(g) requires that the moving party include a separate memorandum setting forth specific facts, in a serial fashion, that are supported by evidence in the record, that establishes the existence of a genuine issue of material fact. See LRBankr. 9013-1(g).

### b. Procedural Issues

Although Butcher's Motion was originally not in compliance with Local Rule 9013-1(g) because it did not contain a separate statement of facts, this deficiency was later corrected. Butcher filed a separate statement of facts in support of her Motion on December 6, 2012 which substantially complied with the Local Rules. See Def's Statement of Facts in Supp. of Mot. Summ. J., ECF No. 17. That the statement of facts was filed late is not prejudicial, especially because both parties agreed on the record that there are no factual issues in dispute.

### c. Substantive Issues

In a proceeding for avoidance of a preferential transfer under section 547, the trustee must prove every element of the alleged preferential transfer by a preponderance of the evidence. See United States v. Daniel (In re R & T Roofing Structures & Commercial Framing, Inc.), 887 F.2d 981, 988 (9th Cir. 1989); Arrow Elec., Inc. v. Justus (In re Kaypro), 218 F.3d 1070, 1076 (9th Cir. 2000). Under this standard, the one subject to this burden must persuade the finder of fact that his position is more likely true

3

than not; therefore, if the evidence weighs evenly on both sides, the party having the burden of proof must lose. See United States ex rel Farmers Home Admin. v. Arnold and Baker Farms (In re Arnold and Baker Farms), 177 B.R. 648, 654 (B.A.P. 9th Cir. 1994).

It is indisputable that Butcher does not qualify as a statutory insider for purposes of section 547. With respect to individual debtors, an insider includes a: (1) relative of the debtor or of a general partner of the debtor; (2) partnership in which the debtor is a general partner; (3) general partner of the debtor; or (4) a corporation of which the debtor is a director, officer, or person in control. See 11 U.S.C. § 101(31)(A)(i)-(iv) (2006). Since Butcher does not fall into any of these categories, she cannot be considered a statutory insider.

Apart from statutory insiders, an insider can also be someone "who has a sufficiently close relationship with a debtor that his conduct is made subject to closer scrutiny than those dealing at arm's length with the debtor." See Miller v. Schuman (In re Schuman), 81 B.R. 583, 586 (B.A.P. 9th Cir. 1987); MCA Fin. Group, Ltd. v. Hewlett-Packard (In re Fourthstage Tech., Inc.), 355 B.R. 155, 159 (Bankr. D. Ariz. 2006); Rush v. Riddle (In re Standard Stores, Inc.), 124 B.R. 318, 324 (Bankr. C.D. Cal. 1991); Schreiber v. Stephenson (In re Emerson), 235 B.R. 702, 707 (Bankr. D.N.H. 1999). In determining whether someone qualifies as an insider, courts take into consideration: (1) the closeness of the relationship between the parties; and (2) whether the parties' transactions were conducted at arm's length. See Fourthstage, 355 B.R. at 159; Hirsch v. Tarricone (In re A. Tarricone, Inc.), 286 B.R. 256, 262-63 (Bankr. S.D.N.Y. 2002); Emerson, 235 B.R. at 707. In the end, if the relationship between the debtor and the individual "compels the conclusion that the individual . . . has a relationship with the debtor, close enough to gain an advantage attributable simply to affinity rather than to the course of business dealings between the parties[,]" then the individual will be considered a non-statutory insider. Friedman, 126 B.R. at 69-70; see Fourthstage, 355 B.R. at 159.

Determining whether an individual qualifies as a non-statutory insider is fact intensive. Courts have identified eleven factors to better analyze the closeness of the parties and the circumstances surrounding the transaction in quo. These factors are: (1) whether the loans made to the debtor were documented; (2) whether the loans were made on an unsecured basis and without inquiring into the debtor's ability to repay; (3) whether

the transferee knew that the debtor was insolvent at the time the he or she made the loans; (4) whether there were numerous loans between the parties; (5) whether there were any strings attached as to how the debtor could use loan proceeds; (6) whether the loans were commercially motivated; (7) whether the transferee had any ability to control or influence the debtor; (8) whether there was a personal, business, or professional relationship between the transferee and the debtor allowing the transferee to gain an advantage such as that attributable simply to affinity; (9) whether the transferee had authority to make business decisions for the debtor; (10) whether there is evidence of a desire to treat the transferee differently from all other general unsecured creditors; and (11) whether there was an agreement among the parties to share profits and losses from business transactions. Emerson, 235 B.R. at 707; see Standard Stores, 124 B.R. at 325; Friedman, 126 B.R. at 70.

Because the Trustee must prove every element of a preferential transfer by a preponderance of the evidence, he must prove that Butcher was a non-statutory insider. After applying the undisputed facts before the Court to the factors listed above, the following conclusions can be made: (1) the Loans were neither documented nor secured; (2) Butcher had at least an idea that she would be paid from the proceeds of Alekson's home; and (3) Butcher made a number of loans to Alekson. However, the Trustee has provided no evidence to suggest that Butcher: (1) placed any condition on how the loan proceeds were to be used; (2) had any ability to control or influence Alekson; (3) had any authority to make business decisions for Alekson; (4) had any agreement with Alekson to share in profits and losses from any business transaction; or (5) had any knowledge that Alekson was insolvent at the time the loan was made.

Perhaps the most important piece of evidence submitted in this matter was a letter written by Alekson showing her desire to treat Butcher differently from all the other general unsecured creditors, explaining that because Butcher was the only person to lend to her during her time of need, she deserved to get paid-in-full first. However, nothing in this letter suggests that Butcher exercised any control over Alekson. Although Alekson clearly wanted to prefer Butcher over other creditors, the Trustee has provided no evidence to show that Alekson's preference was due to Butcher's control over Alekson and not simply Alekson's sense of moral fairness. It is undisputed here that Alekson and

Butcher were friends; however, friendship alone is not sufficient to establish insider status in absence of evidence that the friend dominated the debtor. See Pfeiffer v. Reinbold (In re Reinbold), 182 B.R. 244, 246 (Bankr. D.S.D. 1995).

### IV. Conclusion

The Trustee bore the burden of proving, by a preponderance of the evidence, that Butcher was a non-statutory insider, thus subjecting her to the preferential treatment rules set out in section 547(b). The evidence in this case weighs fairly evenly on both sides; although there is evidence that Alekson preferred Butcher over her other creditors, there is nothing to suggest that Butcher exercised control over Alekson, or that Alekson and Butcher's relationship was anything more than just a friendship. Thus, because there are no factual issues and the Trustee has failed to meet his burden of proof, the Court grants summary judgment to Butcher and denies the Trustee's cross-motion for summary judgment.

**So ordered.**

Dated: February 23, 2012.

_____
CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

COPY of the foregoing mailed by the BNC and/or sent by auto-generated mail to:

all interested creditors and parties.